**The below described is SIGNED.**

Dated: November 09, 2012 _/s/ R. Kimball Mosier_
/R. KIMBALL MOSIER
**U.S. Bankruptcy Judge**



_____

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF UTAH

| In re: | Bankruptcy Number 09-29171 |
|---|---|
| Wardley Corporation, | Chapter 7 |
| Debtor. | Judge R. Kimball Mosier |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER APPROVING SETTLEMENT BETWEEN THE TRUSTEE AND LYNN E. WARDLEY**

The scheduled hearing on the motion of George B. Hofmann, the chapter 7 trustee, to approve settlement agreement with Lynn B. Wardley (Wardley) came before the Court on August 7, 2012.  Cindy L. Thompson appeared, *pro se*.  Melyssa D. Davidson and George B. Hofmann of Parsons Kinghorn Harris appeared on behalf of the Trustee, and John T. Anderson of Anderson & Karrenberg, PC, appeared on behalf of Wardley.

### JURISDICTION

The matter before the Court is the Trustee's Motion For Order Approving Settlement Between the Trustee and Lynn B. Wardley.  The Court has original jurisdiction over this matter under 28 U.S.C. §§ 157(b)(1) and 1334, 11 U.S.C. §§ 544 and 548 and under Federal Rule of

Bankruptcy Procedure 9019. This is a core proceeding under 11U.S.C. § 157(b)(2)(B) and (O), and the Court may enter a final order.

## FACTUAL BACKGROUND

Thompson filed an involuntary petition against the Debtor, Wardley Corporation, on August 28, 2009. Thompson is a creditor by virtue of two judgments, one obtained in 2005 and one obtained in 2006. In its answer to the involuntary petition, the Debtor acknowledged that it was unable to pay Thompson's judgments but contested the petition on the grounds that it was filed in bad faith. Throughout the involuntary bankruptcy proceeding, the Debtor asserted that it had no assets.[1]

On July 26, 2010, the Debtor filed a motion to dismiss the involuntary proceeding. On July 29, 2010, Ms. Thompson also filed a motion to dismiss the involuntary proceeding. The Court entered its order dismissing this case on August 18, 2010. In doing so, the Court granted the Debtor's motion to dismiss and denied Thompson's motion to dismiss.

Apparently frustrated in her attempts to collect her on judgments pursuant to state law, Thompson returned to this Court invoking its jurisdiction. On May 23, 2011, Thompson filed an amended motion to vacate the Order of Dismissal (Motion to Vacate Dismissal). Thompson invoked Fed. R. Civ. P. 60(b), made applicable by Fed. R. Bankr. P. 9024, arguing that the Gilbert Development settlement was part of a fraud upon on this Court.

---

[1] In three separate hearings, the Debtor has represented to this Court that it had no assets. February 22, 2011, Oral Argument at 2:13:21 pm; May 20, 2010, Oral Argument at 10:12:58 am; April 29, 2010, Oral Argument at 1:36:12 pm.

It turns out that in July of 2001, the Debtor sold its assets to NRT, Inc., but any lawsuits involving the Debtor that were pending or subsequently filed were excluded from the sale. On March 13, 2009, the Fifth District State Court entered a Judgment in Favor of Defendants on Attorneys' Fees and Costs (Gilbert Development Judgment) awarding the defendants $410,823.89. On December 29, 2010, Gilbert Development and the Debtor entered into a settlement agreement to resolve the Gilbert Development Judgment. Gilbert Development agreed to pay to the Debtor the sum of $350,000 no later than December 31, 2010.

Paragraph 10 of the Settlement Agreement states as follows:

> Authority. Each party represents and warrants that the individual signing this Agreement on behalf of the party is authorized to do so and binds the party on whose behalf he or she is signing. The Parties further represent and warrant that each is the sole holder of the claims being released in this Agreement, that the party has not assigned those claims to any other person or entity, and that no one else has any claim, title or interest in or to the claims being released herein.

On December 30, 2010, Gilbert Development wire transferred $350,000 to Wardley.

In response to the Motion to Vacate Dismissal, the Debtor produced an Unconditional Assignment dated August 12, 2005, which purports to assign all of the Debtor's right, title, and interest in the proceeds of any recovery, obtained in connection with the Gilbert Development lawsuit and the Thompson lawsuit, to Wardley. Notwithstanding Thompson's postpetition discovery requests, the Debtor had failed to disclose the Assignment. The Assignment was not disclosed to this Court until June 22, 2011 when it was attached to the Debtor's objection to the Motion to Vacate Dismissal.

There is a potential conflict between the Assignment, which purports to transfer all right, title and interest in the Gilbert Development recovery to Wardley, and the settlement agreement

-3-

with Gilbert Development, which was executed by the Debtor and represents that the Debtor is the holder of the claims being released. This Court concluded that the Assignment was a self-serving document signed by Mr. Wardley for the Debtor as assignor and by Mr. Wardley as assignee and was evidence that would have been relevant to possible claims against Wardley and to the Debtor's motion to dismiss the involuntary petition. Because the Assignment had not previously been disclosed, this Court determined that there may be potential avoidance actions which should be investigated by a trustee. After considering the evidence and arguments at the hearing, this Court determined that the Motion to Vacate Dismissal should be granted under Rule 60(b)(2). On August 1, 2011, the Court entered an order vacating the dismissal, and the Debtor thereafter filed a consent to entry of an order for relief.

On September 1, 2011, the order for relief was entered and the Trustee was appointed. To resolve the estate's claims against Wardley and liquidate Wardley's claim, the Trustee has proposed to settle the estate's claims against Wardley for $190,000 and a waiver of Wardley's claim. Thompson has objected to the Trustee's settlement of the estate's claims against Wardley and objected to Wardley's proof of claim,[2] even though Wardley was waiving his claim as part of the settlement with the Trustee.

The Trustee testified at the hearing on his motion to approve the settlement with Wardley. The Trustee specifically testified with respect to the factors he considered in reaching the settlement. The Trustee's testimony was that he placed little emphasis on the merits of the underlying litigation. Essentially, he believes that the estate has very good claims against Mr. Wardley but there is some risk that he will not prevail. He placed little emphasis on the

---

[2]Thompson and Wardley are the only creditors who have filed claims in this case.

difficulty in collection of the judgment, acknowledging that he had not analyzed Mr. Wardley's ability to pay the judgment, any judgment would be collectable. He placed some emphasis on the complexity and expense of the litigation, estimating that if the matter were fully litigated, that the expense of litigation could easily exceed $50,000. The Trustee's estimate was based on his investigation of the history of litigation between Wardley and Thompson. The Trustee's testimony clearly revealed that the major impetus for entering into the settlement agreement was the best interest of creditors. At the time the Trustee entered into the settlement agreement, he calculated that the settlement would pay all creditors' claims in full. The Trustee's calculation that creditors would be paid in full was based on his assessment of Thompson's claim. The Trustee estimated that Thompson's allowed claim would be approximately $161,000 and the balance of the settlement funds would be sufficient to pay costs of administration. Thompson acknowledged that her most recently filed proof of claim, even if secured, is in the amount of $161,260.18 plus postpetition interest and collection costs.

## CONCLUSIONS OF LAW

In analyzing a proposed settlement and compromise it is appropriate for the court to consider the probable success of the underlying litigation on the merits, the possible difficulty in collection of a judgment, the complexity and expense of litigation, and the interest of creditors in deference to their reasonable views. *In re Kopexa Realty Venture Co.*, 213 B.R. 1020, (B.A.P. 10th Circuit 1997). After considering the evidence, the Court concludes that the settlement should be approved. Based on the Trustee's uncontroverted testimony as well as Thompson's most recently filed proof of claim, the Court agrees that the Trustee's assessment of Ms.

Thompson's claim in the approximate amount of $161,000 is reasonable. The Trustee's conclusion that the proposed settlement will enable him to pay creditors' claims in full is reasonable. The Trustee provided little testimony with respect to the likelihood of success or recovery because those factors were given little weight in his analysis of the settlement. The Trustee's decision was based primarily on his assessment that the settlement should pay all claims in full without the risk of success, expense or collection. The Court agrees with the Trustee's assessment.

For purposes of analyzing the settlement, the Court will assume that the Trustee is likely to prevail on his claim and would be able to recover on any judgment but pursuing litigation will necessarily involve expense and result in some uncertainty. In the Court's opinion, a settlement that will generate funds sufficient to pay claims in full is a better option than litigation that has any uncertainty of success and involves expense. The Trustee's decision to enter into a settlement agreement that would pay creditors in full is a reasonable settlement, clearly within the reasonable business judgment of the Trustee. Based on the Court's consideration of the *Kopexa* factors, Court finds that the settlement is within the Trustee's reasonable exercise of his business judgment, is in the best interests of creditors and the settlement will be approved.

--------------------------------------End of Document---------------------------------------------------

_____ooo0ooo_____

## SERVICE LIST

Service of the foregoing **Findings and Conclusions of Law Regarding Settlement Between the trustee and Lynn E. Wardley** will be effected through the Bankruptcy Noticing Center to the following parties.

George B. Hofmann
Melissa D. Davidson
Parsons Kinghorn & Harris
111 East Broadway
11th Floor
Salt Lake City, UT 84111

Cindy L. Thompson
1718 W. Joust Cir.
Salt Lake City, UT 84116

John T. Anderson
Anderson & Karrenberg
50 West Broadway
Suite 700
Salt Lake City, UT 84101-2006